UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| RONALD MCNEIL, | ) |
| Petitioner, | ) Case No. 6:19-cv-00003-GFVT |
| v. | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION** |
| | ) **&** |
| Respondent. | ) **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Ronald McNeil is an inmate at the Federal Correctional Institution—Manchester in Manchester, Kentucky. Proceeding without an attorney, McNeil has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. [R. 1.] For the reasons that follow, McNeil's petition will be DENIED.

In 2008, a jury found McNeil guilty of participating in multiple armed robberies of Memphis, Tennessee area hotels. *See United States v. McNeil*, Case No. 2:02-cr-20041 (W.D. Tenn. 2002). The Western District of Tennessee subsequently sentenced McNeil to 135 years and 10 months of imprisonment for his twelve counts of criminal conduct. *Id.* at R. 517 therein. 130 years of McNeil's total sentence stem from his six weapons offenses and the penalties assigned to him by the court under 18 U.S.C. § 924(c). *Id.*

In his habeas petition, McNeil claims that his defense counsel erroneously failed to object to the trial court's misapplication of section 924(c)(1)(C). [R. 1 at 4.] McNeil references the recently-enacted FIRST STEP Act and, specifically, the Act's clarification of section 924(c); in light of the Act, he asks this Court to vacate all of his section 924(c) counts of conviction. [*Id.* at

5.] McNeil's petition is now before the Court for a preliminary screening pursuant to 28 U.S.C. § 2243.

Upon the Court's initial screening, a section 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to section 2241 petitions pursuant to Rule 1(b)). The Court evaluates McNeil's petition under a more lenient standard because he is proceeding without an attorney, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the lenient construction afforded to McNeil's petition, McNeil is not entitled to the relief he seeks. As an initial matter, McNeil challenges the legality of his conviction and sentence in his habeas petition. While a federal prisoner may challenge the legality of his convictions and sentence in a 28 U.S.C. § 2255 motion before the sentencing court, he generally may not do so in a section 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A section 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). But McNeil's petition challenges the underlying sentence he actually received, not the manner in which his sentence is being executed.

Limited exceptions do exist under which a federal prisoner may challenge the validity of a conviction or sentence in a section 2241 proceeding. The Sixth Circuit Court of Appeals has explained that a prisoner can only challenge the validity of his sentence by way of section 2241

if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, McNeil has not demonstrated that either of those circumstances exist in his case.

To the extent McNeil relies on the recently enacted criminal justice reform law ("the FIRST STEP Act of 2018"), that law does not provide McNeil with the relief he seeks. The FIRST STEP Act does eliminate the practice of "stacking" gun sentences from the same incident on top of a sentence for a crime of violence, such as what happened in McNeil's case. But unfortunately for McNeil, that provision of the Act does not apply retroactively to provide him with any relief. *See* Public Law 115-015, \_\_\_\_, 2018, 132 Stat. 015, § 403 (explaining that the Act's clarification of section 924(c) applies only where a sentence has not already been imposed). Thus, the FIRST STEP Act does not provide an intervening change in statutory law that is applicable to McNeil, such that he may proceed under 28 U.S.C. § 2241. Because the relevant provision of the Act—at least at this point in time—is not retroactive to McNeil's sentence, the Act does not prove his actual innocence as is required under *Wooten v. Cauley*. *See* 677 F.3d at 307-08.

Accordingly, the Court hereby **ORDERS** as follows:

1. McNeil's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

This the 20th day of February, 2019.

Gregory F. Van Tatenhove
United States District Judge